Amanda L. Bruss (CA Bar No. 246249)
amanda@harmonseidman.com
Christopher Seidman (CA Bar No. 98884)
chris@harmonseidman.com
HARMON SEIDMAN & BRUSS, LLC
7550 East 53rd Place #172464
Denver, CO 80217
Tel: 415.271.5754
*Attorneys for Plaintiffs Jill Greenberg and Jill Greenberg Studio, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JILL GREENBERG, an individual, and JILL GREENBERG STUDIO, INC., a New York corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NARRATIVE PR, a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-cv-11880<br><br>**COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)<br>2. CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Jill Greenberg and Jill Greenberg Studio, Inc. (collectively, "Greenberg"), allege as follows:

## STATEMENT OF ACTION

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* This is an action for copyright infringement and contributory copyright infringement. Plaintiff Jill Greenberg is a professional photographer whose work has appeared on the

covers of Newsweek, Fast Company, Wired, Entertainment Weekly, Time, Variety, and The Hollywood Reporter. In October 2018, Greenberg photographed actor Greg Kinnear for a shoot arranged by Salon. A few months later, Kinnear's then-publicist, Defendant Narrative PR, asked Greenberg for an unwatermarked copy of one of the resulting images (the "Photograph"), explaining that Kinnear wanted a handful of prints made for charitable purposes and representing that the request was "not for online use anywhere." Greenberg agreed, and, through her studio, Plaintiff Jill Greenberg Studio, Inc., granted Narrative PR a narrow, one-year license limited to editorial and public relations use. That license expired more than six years ago and was never renewed. Yet in the years since, the photograph has continued to surface in unauthorized commercial and editorial use, including, on information and belief, uses that trace back to the very file Narrative PR received. When Greenberg raised the issue directly with Narrative PR in 2026, she received no accounting of where the file had gone, no confirmation that it had been secured or deleted, and, ultimately, no response at all to a formal written demand, necessitating the filing of this action.

## JURISDICTION

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

3. This Court has personal jurisdiction over Narrative PR because Narrative PR maintains an office in this District, at 15260 Ventura Blvd., Suite 900, Sherman Oaks, California, through which it regularly transacts business here, and because Greenberg's claims arise out of Narrative PR's activities in this District. Narrative PR co-founder Liz Mahoney, who works out of that office, was copied on the February 2019 communications through which Narrative PR obtained the unwatermarked file of the

Photograph, and, on information and belief, Narrative PR received, retained, and controlled that file in part through its Los Angeles office.

## VENUE

4. Venue is proper in this District under 28 U.S.C. § 1400(a) because Narrative PR resides, or may be found, in this District, and under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

5. Plaintiff Jill Greenberg is a highly regarded contemporary American photographer known for her stylized and digitally manipulated imagery. Credited with creating a photographic style that has been described as incorporating "distinctive ethereal backlighting," Greenberg creates painterly and emotive images that are easily recognizable by her clients and fans. Her work has appeared on the covers of Variety and The Hollywood Reporter, including Variety's 2022 Lifetime-sponsored "Power of Women" covers featuring Amanda Seyfried, Drew Barrymore, Venus Williams, Kim Cattrall, and Queen Latifah. She has created entertainment marketing and advertising imagery for Hulu, Netflix, Lifetime, EPIX, Sony, Fox, A24, Showtime, HBO, Starz, and Universal Pictures. Greenberg resides and maintains her principal place of business in Tivoli, New York.

6. Plaintiff Jill Greenberg Studio, Inc. (the "Studio") is a New York corporation owned by Greenberg, with its principal place of business in Tivoli, New York. The Studio is the entity through which Greenberg licenses her photographic work, and joins as a Plaintiff in this action so that all parties holding an interest in the copyright are before the Court.

7. Defendant Narrative PR is a business entity of unknown form operating as an entertainment public relations firm, with an office at 15260 Ventura Blvd., Suite 900, Sherman Oaks, California 91403, within this District. Narrative PR co-founder Liz

Mahoney works out of that Los Angeles office. Greenberg will amend this Complaint to state Narrative PR's true legal name and form once ascertained.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive, are presently unknown to Greenberg, who therefore sues these Defendants by fictitious names. Greenberg is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is in some manner responsible for the acts and injuries alleged herein, including persons and entities who received, republished, or further distributed the Photograph without authorization. Greenberg will amend this Complaint to state the true names and capacities of the Doe Defendants once ascertained.

## FACTS

### A. Greenberg's Copyrighted Photograph

9. On October 24, 2018, Greenberg photographed actor Greg Kinnear in a shoot arranged by Salon for its "Social and Salon" editorial series.

10. As a result of Greenberg's shoot, Greenberg created a series of photographs of Kinnear, including the photograph at issue in this action, identified by the Studio as file 181024_Salon_Greg_Kinnear_0026_f (the "Photograph").



11. The Photograph is registered with the United States Copyright Office as part of a group registration of published photographs titled "Group Registration of Published

Photos, 181115 Social and Salon," Registration No. VA 2-127-693, effective November 15, 2018 (the "Registration"). The Registration lists the Photograph by its file name, 181024_Salon_Greg_Kinnear_0026_f, with a publication date of October 2018. A true and correct copy of the Registration is attached as **Exhibit A**.

12. Greenberg is the owner of the copyright in the Photograph and has standing to bring this action.

**B. The License Granted to Narrative PR**

13. On February 21, 2019, Matt Haberman of Narrative PR, then representing Kinnear, emailed Greenberg requesting an unwatermarked, high-resolution copy of the Photograph, explaining that Kinnear "would like to have a few 8x10's printed for charity purposes" and that the request was "not for online use anywhere."

14. Greenberg agreed to provide the file on the condition that the retouching work be paid for, and Narrative PR, through Haberman, confirmed that Kinnear would cover that cost.

15. On February 27, 2019, the Studio emailed Haberman, with Narrative PR co-founder Liz Mahoney copied, a link to the retouched, unwatermarked file together with Invoice No. 190227. A true and correct copy of Invoice No. 190227 is attached as **Exhibit B**.

16. Invoice No. 190227 was addressed to Narrative PR, to the attention of Haberman, was issued in the Studio's name, directed payment to the Studio, identified the retouched version of the Photograph delivered to Narrative PR as file 181024_Salon_Greg_Kinnear_0026 1, and states, in relevant part: "One year editorial and PR usage only. Not to be used for large magazines with budgets. No advertising or 3rd party use," and further states that "[a]ll rights not specifically granted in writing, including copyright, remain the exclusive property of Jill Greenberg Studio, Inc." (together, the "License").

17. The License, by its terms, ran for one year from the February 27, 2019 invoice date and expired on or about February 26, 2020. It was never renewed, and Greenberg has received no compensation for any use of the Photograph since that date. The License is, and has always been, the only license Greenberg has ever granted to any person or entity for use of the Photograph.

**C. Unauthorized Use**

18. Notwithstanding the License's narrow scope and its expiration more than six years ago, the Photograph has surfaced repeatedly in unauthorized commercial and editorial use that Greenberg's copyright monitoring service has detected, including, without limitation:

a. publication on a radio station website, 1067wjjy.com, in an article concerning Kinnear's casting in a television series, where the site's operator identified "ABC Audio" (contact given as Bruce McKirdy of Hubbard Radio) as its purported source and produced a document purporting to show authorization, which Greenberg disputes;

b. publication on the websites thruline.com and simple-house.com, whose operators have not responded to repeated notices despite the matters having been referred for legal collection; and

c. on information and belief, other unauthorized reproductions and distributions by persons and entities presently unknown to Greenberg, to be identified through discovery and named as Doe Defendants.

19. Neither Greenberg nor the Studio has ever licensed, authorized, or otherwise permitted Hubbard Radio, LLC; the operator of the "ABC Audio" service; or any of the other parties identified in Paragraph 18 to reproduce, distribute, publish, or otherwise use the Photograph.

20. Narrative PR is the only person or entity to which Greenberg or the Studio has ever provided an unwatermarked copy of the Photograph. Narrative PR received that unwatermarked file under the License and, on information and belief, neither returned, deleted, nor otherwise secured that file following the License's expiration in February 2020.

***D. Greenberg's 2026 Notice and Narrative PR's Response***

21. On June 17, 2026, Greenberg emailed Haberman directly, explaining that "Greg's photo (which i shot for free) was licensed for one year, 2019 to 2020," that her image was "getting flagged by the company I use for copyright policing," and that "the pubs which have been running it have been getting bills." She asked Narrative PR to help "fix this to avoid any embarrassment."

22. Haberman responded the same day: "Hi Jill, thanks for reaching out. He hasn't been on fee with us in quite some time so we haven't used this image, but I'll flag this to the wider team so they are aware in case they have." Narrative PR did not represent that the file had been located, secured, deleted, or accounted for, and did not identify anyone to whom it might have been provided.

23. On August 11, 2026, Greenberg's counsel sent Narrative PR a written demand letter detailing the foregoing facts and requesting, among other things, a full accounting of every person and entity to whom Narrative PR transmitted the Photograph, the terms of any authorization communicated to each recipient, and written confirmation that all further distribution and use of the Photograph had ceased.

24. The letter requested a written response on or before August 21, 2026. Narrative PR did not respond to the letter in any respect. As of the filing of this Complaint, Narrative PR has provided no accounting, no confirmation that it has ceased distributing or using the Photograph, and no other information responsive to the letter.

25. Greenberg has been damaged, and continues to be damaged, by the unauthorized circulation of the Photograph that has occurred since the License expired.

**COUNT I**

***Direct Copyright Infringement Against Narrative PR***

26. Greenberg incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

27. Greenberg is, and at all relevant times has been, the owner of the copyright in the Photograph, which is the subject of a valid Certificate of Registration issued by the United States Copyright Office.

28. The License expired on or about February 26, 2020, and was never renewed.

29. On information and belief, Narrative PR, without Greenberg's authorization, retained, reproduced, and/or distributed the Photograph, and/or provided or made the Photograph available to third parties, after the License expired, and in excess of the License's express scope even while it was in effect, given that the License was limited to editorial and PR use, expressly excluded advertising and third-party use, and was never intended for the large-scale commercial republication the Photograph has since received.

30. Narrative PR's conduct infringes Greenberg's exclusive rights under 17 U.S.C. § 106, including the exclusive rights to reproduce and distribute the Photograph. Narrative PR's infringement was willful, or at a minimum in reckless disregard of Greenberg's rights, because Narrative PR obtained the Photograph under a License it knew was limited to one year of editorial and PR use and excluded advertising and third-party use, and, even after receiving Greenberg's June 2026 notice and her counsel's August 2026 demand, did not account for, secure, or delete the unwatermarked file.

31. As a direct and proximate result of Narrative PR's infringement, Greenberg has suffered damages in an amount to be proven at trial, and Narrative PR has been unjustly enriched in an amount to be proven at trial.

## COUNT II

***Contributory Copyright Infringement Against Narrative PR and Does 1 through 50***

32. Greenberg incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

33. Third parties, including without limitation the operator of 1067wjjy.com and the Doe Defendants, have directly infringed Greenberg's copyright in the Photograph by reproducing, publishing, and distributing it without authorization.

34. On information and belief, Narrative PR knew, or had reason to know, that its retention of the unwatermarked file after the License expired, without taking steps to secure, delete, or account for it, created a material risk that the Photograph would be further and improperly distributed, and Narrative PR's conduct materially contributed to, induced, or caused the infringing conduct of the parties identified in Paragraph 18 and the Doe Defendants.

35. Narrative PR's conduct constitutes contributory infringement of Greenberg's copyright in the Photograph. Narrative PR's contributory infringement was willful, or at a minimum in reckless disregard of Greenberg's rights, because Narrative PR knew the License had expired and, on information and belief, took no steps to identify the recipients of the unwatermarked file or to stop its further distribution, even after receiving Greenberg's June 2026 notice and her counsel's August 2026 demand.

36. As a direct and proximate result of Narrative PR's contributory infringement, Greenberg has suffered damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs Jill Greenberg and Jill Greenberg Studio, Inc. request the following:

37. For a preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, and all persons acting in concert with them, from further

reproducing, distributing, publishing, or otherwise using the Photograph without Greenberg's authorization;

38. For an order requiring Narrative PR to identify all persons and entities to whom it provided or transmitted the Photograph, and to notify each such person or entity to cease all further use of the Photograph;

39. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photograph used in violation of Greenberg's exclusive copyrights, together with all related records and documents, and, at final judgment, destruction or other reasonable disposition of the unlawfully used material, including digital files and any other means by which it could be used again;

40. At Greenberg's election, either:

a. Greenberg's actual damages and Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b); or

b. Statutory damages of up to $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c), based on Defendants' willful infringement;

41. For Greenberg's reasonable attorneys' fees, full costs of suit, and expert witness fees, pursuant to 17 U.S.C. § 505;

42. For prejudgment and postjudgment interest as allowed by law;

43. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Greenberg demands a trial by jury of all issues permitted by law.

Respectfully submitted,

DATED: October 12, 2026

s/ *Amanda L. Bruss*
Amanda L. Bruss (# 246249)
amanda@harmonseidman.com
Christopher Seidman (# No. 98884)
chris@harmonseidman.com
HARMON SEIDMAN & BRUSS, LLC

7550 East 53rd Place #172464
Denver, CO 80217
Tel: 415.271.5754
*Attorneys for Plaintiffs Jill Greenberg and Jill Greenberg Studio, Inc.*